## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

**BRIANNA TIFFANY CORTINA,**

    **Plaintiff,**

v.

**ANTHEM INC., a foreign profit corporation,**

    **Defendant.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Anthem Inc. (hereinafter "Defendant"), by and through its undersigned attorney, hereby gives notice that the civil action currently pending in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida, identified as *Brianna Tiffany Cortina v. Anthem Inc.*, Case No. 2021-004228-CA-01, is removed to this Court without waiving any rights to which Defendant may be entitled, and says:

    1.    Pursuant to 28 U.S.C. §1446(a) and Middle District Local Rule 1.06(b), copies of all record documents, including all orders, pleadings, and process which have to date been served upon Defendant are attached as Exhibit A.

    2.    The Complaint in the above action was filed in the Circuit Court for the Eleventh Judicial Circuit on or about February 19, 2021. Defendant received service of the Summons and Complaint on March 10, 2021. In compliance with 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

    3.    Removal of this action is proper under 28 U.S.C. §§ 1441(b) and 1332, diversity of citizenship jurisdiction. At the time of the filing of this action, and as of the date of this

removal, there is complete diversity of citizenship between the parties. Plaintiff is a resident of Miami-Dade County, Florida. Plaintiff is therefore a citizen of the State of Florida for purposes of this Court's diversity jurisdiction. Defendant is incorporated in the State of Indiana with its principal place of business in Indiana. Therefore, at all relevant times herein, the Plaintiff was a resident and citizen of the State of Florida, and Defendant is a citizen of a state other than Florida.

4. The amount in controversy between Plaintiff and Defendant exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interests and costs.[1] In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)(quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Courts may "use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. The "removing defendant is not required to prove the amount in controversy beyond all reasonable doubt", but rather only by a preponderance of the evidence. *Pretka*, 608 F.3d at 752, 754.

5. Further, in examining the amount in controversy, the question is not whether the plaintiff would actually recover a specific amount of damages, but rather whether he could do so. *See Wineberger v. Racetrac Petroleum, Inc.*, 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (emphasis added) (citing *McDaniel v. Fifth Third Bank*, 568 Fed Appx. 729, 731 (11th Cir. 2014)). "The appropriate measure is the litigation value of the case assuming that the allegations of the compliant are true and assuming a jury returns a verdict for the plaintiff on all claims made

---

[1] *See Jirau v. Wathen*, 2014 WL 3695388, at *2 (M.D. Fla. July 24, 2014) ("If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal") (citing *Williams v. Best Buy* Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

in the complaint." *Jackson v. Am. Bankers Ins. Co.*, 976 F.Supp.1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). "[R]ecent Eleventh Circuit decisions promote a greater reliance on a court's judicial experience and common sense based on the evidence presented and the nature of the claims alleged in determining whether the jurisdictional threshold is reached." *Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014).

6. In her suit, Plaintiff alleges a cause of action for discrimination and retaliation on the basis of national origin under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01, *et seq.* The FCRA permits recovery for back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs. Plaintiff seeks damages under each of these categories in her Complaint. [Dkt. 1-1 at ¶¶ 34–35]. While Defendant does not concede Plaintiff is entitled to any of these damages, it is possible for Plaintiff to receive such damages if she is able to prevail on her claims. Therefore, Plaintiff's total potential damages under all of these categories exceeds the jurisdictional limit.

7. As to potential back pay, according to Plaintiff's Complaint, Plaintiff earned $15.00 per hour and worked 50 hours per week. [Dkt. 1-1 at ¶ 6]. Plaintiff's weekly earnings as plead in the Complaint were therefore $750.00[2]. Plaintiff's last date of employment was May 15, 2019, which is 98 weeks as of the date of removal. [Dkt. 1-1 at ¶16]. Under the FCRA, the prevailing plaintiff can recover back pay damages. Calculating back pay through the date of this removal notice, the potential back pay award currently totals approximately $73,500.00.

---

[2] Plaintiff was actually paid time and a half for all hours worked in excess of 40 each work week. Nonetheless, for purposes of removal, Defendant relies on the allegations as stated in the Complaint.

1068779.1

8. In addition, Plaintiff's potential economic damages for front pay is an additional $39,000.00, based on an award of one year of front pay. *See Wineberger*, 2015 WL 225760, at * 3 (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Ambridge v. Wells Fargo Bank, N.A.*, 2014 WL 4471545, at *4 (M.D. Fla. Sept. 10, 2014) (finding that one year of front pay was a reasonable element of damages to consider as part of the amount in controversy)).

9. Plaintiff is also seeking compensatory damages for emotional distress, specifically "mental anguish, personal suffering, and loss of enjoyment of life." [Dkt. 1-1 at ¶ 35(c)]. Even though Plaintiff has not identified the specific facts supporting this category of damages, it is nonetheless reasonable for this Court to deduce that Plaintiff's damages for a "garden variety" claim for emotional pain and suffering could amount to $50,000.00. *See Stone v. Geico General Ins. Co.*, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009).

10. Furthermore, "[u]nder the FCRA, punitive damages are recoverable but limited to $100,000." *See Wineberger*, 2015 WL 225760, at * 3 (quoting Fla. Stat. § 760.11(5)). However,

> 'it is not clear what the standard is for punitive damages awarded under section 760.10,' [*Speedway SuperAmerica, LLC v.*] *DuPont*, 933 So.2d [75, 89 (Fla. 5th DCA 2006)], and the [Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases] takes no position as to the standard for determining whether punitive damages are warranted. The FCRA, unlike Title VII, 'simply provides that punitive damages may be awarded,' without any express requirement as to what action is appropriate for punitive damage. *Id.* at 89–90.

*In re Standard Jury Instructions in Civ. Cases-Rep. No. 16-01*, 214 So. 3d 552, 559 (Fla. 2017). Thus, although Defendant denies Plaintiff is entitled to any punitive damages, Plaintiff's potential economic damages for such an award would certainly exceed the jurisdictional amount. Prior case law supports a punitive damages award of $30,000.00, which is significantly less than the statutory cap. Such a conclusion is supported by awards for punitive damages in FCRA

4

cases. *See Dupont*, 933 So.2d at 91 (upholding punitive damages awards of $40,000.00 under FCRA based on allegations of sexual harassment).

11. Lastly, a removing party may provide the Court with an estimate of a Plaintiff's attorney's fees based on defense counsel's experience of the number of hours likely needed to litigate the case and an estimate of the plaintiffs attorney's hourly rate. *Alshakanbeh v. Food Lion, LLC*, No. 3:06CV1094, 2007 WL 917354 (M.D. Fla. March 23, 2007); *see also Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-1353 (M.D. Fla. 2008). In this case, Defendant's counsel, who is an attorney with nearly 25 years of experience in labor and employment, provides evidence that in her opinion, at least 250 hours will be spent by Plaintiff's counsel litigating this matter through trial. The hourly rate customarily charged by someone with the experience of Plaintiff's counsel is at least $350.00 per hour, if not higher. Thus, the attorneys' fees for Plaintiff likely exceed $1,500 at this time and will likely exceed $87,500.00 based on the number of hours at a minimum Plaintiff's counsel would likely spend litigating this matter through trial multiplied by the minimum hourly rate customarily charged by someone with counsel's experience.

12. Based on the allegations in Plaintiff's Complaint and the nature of her claims under the FCRA, Defendant has shown that the value of Plaintiff's claim more likely than not exceeds the jurisdictional amount. Specifically, Plaintiff's potential damages under the FCRA are $280,000.00, summarized as follows:

| | |
|---|---|
| Back Pay based | $73,500.00 |
| Front Pay based | $39,000.00 |
| Emotional distress | $50,000.00 |
| Punitive Damages | $30,000.00 |
| Attorneys' Fees | $87,500.00 |
| **Total damages** | **$280,000.00** |

1068779.1

Based on the totality of the circumstances, reasonable estimates, and common sense, the amount Plaintiff has placed in controversy exceeds $75,000.00.

13. Because this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332 and the requirements for diversity jurisdictions are met, this case is properly removable pursuant to 28 U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing and service of this Notice of Removal, Defendant's Notice to Plaintiff of Removal has been served upon the attorney for Plaintiff Brianna Tiffany Cortina.

15. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, along with Defendant's Notice of Removed Action, has been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.

WHEREFORE, Defendant requests this action currently pending in the Circuit Court for Miami-Dade County, Florida be removed to the United States District Court for the Southern District of Florida.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq., Fla. Bar No. 118801
alyons@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
tampa@constangy.com
(813) 223-7166 / Fax: (813) 223-2515
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the following Service

6

1068779.1

List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Angelique Groza Lyons
*Attorney for Defendant*

**SERVICE LIST**
**CORTINA v. ANTHEM INC.**
**CASE NO.:**

Jason S. Remer
Daniel H. Hunt
REMER & GEORGES-PIERRE, PLLC
44 West Flagler St., Ste. 2200
Miami, FL 33130
jremer@rgpattorneys.com
dhunt@rgpattorneys.com
Attorney for Plaintiff
Served via CM/ECF

1068779.1