UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-21375-CIV-MORENO

BRIANNA TIFFANY CORTINA,

    Plaintiff,

v.

ANTHEM INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, BRIANNA TIFFANY CORTINA, (hereinafter "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, ANTHEM, INC ("Defendant"), and in support states as follows:

## JURISDICTION

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees and costs, resulting from Defendant's violations of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for the purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. Plaintiff worked for defendant from March 15, 2019 through May 15, 2019 as a Client Services Rep II paid $15 per hour working approximately 50 hours per week.

7. Plaintiff is a Female of American national origin.

8. During the relevant time period, Plaintiff was supervised by manager Azol Narbona ("Narbona") and supervisor Julian Dieppa ("Dieppa").

9. On or about April 16, 2019, the Plaintiff was subjected to negative and derogatory comments about her appearance and work performance by her supervisor Narbona who was of Cuban national origin and refused to speak English to Plaintiff.

10. Narbona also repeatedly and continually used profanity in talking to and about Plaintiff. Other Cuban employees were not subjected to such profanity and derogatory comments.

11. Plaintiff reported this treatment to another supervisor, Dieppa and was referred to HR representative Ayren Castillo.

12. These facts can be substantiated by surveillance videos which are located on the business premises at 8000 Governor's Square Boulevard, Hialeah, FL.

13. Defendant told Plaintiff that it was going to investigate her claims of discrimination and harassment by Narbona, but no investigation occurred, witnesses were not interviewed, and no results were conveyed to Plaintiff.

14. After Plaintiff made these complaints, the daily harassment only got worse, and in retaliation for the complaints that Plaintiff made to HR.

15. The daily harassment, ridicule, and derogatory language from her supervisor caused Plaintiff suffer from severe anxiety, crying, and fear of returning to work.

16. Due to the daily harassment based on her national origin and retaliation, Plaintiff felt as if she had no other choice but to seek employment elsewhere and resigned on or about May 15, 2019. Defendant demonstrated that it was not going to take any action to ameliorate the issues, and the harassment continued to get worse after Plaintiff complained to HR.

17. Throughout Plaintiff's employment, she was able to perform the essential functions of her job duties and responsibilities, and at all relevant times performed her job at satisfactory or above satisfactory levels.

18. Defendant's discriminatory intent was motivated by the fact that Plaintiff was of a different national origin than Narbona as Narbona is a Cuban National discriminating against Plaintiff who was born in America.

19. Narbona treated employees who were of Cuban national origin more favorably than Plaintiff in that said employees were not subject to daily harassment and derogatory comments about their appear and work.

20. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

21. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

22. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Florida Commission on Human Rights ("FCHR") and the Miami Dade County Commission on Human Rights ("MDCCHR") regarding this discrimination and retaliation.

23. No investigating agency rendered a determination on the merits of Plaintiff's claims within 180 days of her filing the Charge of Discrimination.

24. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages.

## COUNT I
### *National Origin Discrimination In Violation Of The FCRA*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this Complaint as if set out in full herein.

26. Plaintiff is a member of a protected class under the FCRA.

27. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiffs national origin and subjected the Plaintiff to national origin-based animosity.

28. Such discrimination was based upon the Plaintiffs national origin in that Plaintiff would not have been the object of discrimination but for Plaintiff's National Origin.

29. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiffs national origin was unlawful but acted in reckless disregard of the law.

30. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiffs employment with the Defendant.

31. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

32. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

33. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

34. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

35. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation in Violation of the FCRA*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this Complaint as if set out in full herein.

37. Defendant is an employer as that term is used under the applicable statutes referenced above.

38. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the FCRA.

39. The foregoing unlawful actions by Defendant were purposeful.

40. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

41. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

42. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

43. These damages are continuing and are permanent.

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: May 6, 2021                    Respectfully submitted,

/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2021 I electronically filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

Angelique Groza Lyons, Esq.
alyons@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida 33601-1840
tampa@constangy.com
(813) 223-7166 / Fax: (813) 223-2515


/s/ Jason S. Remer
Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com